his wife's relatives. (*Field* v. *Field*, 79 Misc. 557.) It was the wife's duty to go with her husband to the home which he had provided. (*People* v. *Pettit*, 74 N. Y. 320; *People* v. *Flewellyn*, 111 N. Y. Supp. 621.) Seeger, Carswell and Scudder, JJ., concur; Lazansky, P. J., and Young, J., dissent.

JAMES G. EWELL, LOIS EWELL HENDERSON, Also Known as LOIS EWELL, and Others, Individually and in Behalf and as Representative of Stockholders and Others Similarly Situated Who May Come and Contribute to This Action, Appellants, v. STODDARD REALTY Co., INC., and Others, etc., Respondents. CHARLIE L. EWELL, Individually and Assignee of ALEXENE EWELL and in Behalf and as Representative of Stockholders and Others, Similarly Situated Who May Come in and Contribute to This Action, Plaintiff, v. STODDARD REALTY Co., INC., and Others, Defendants. RICHARD S. EWELL, a Stockholder in the Right of STODDARD REALTY Co., INC., a Domestic Corporation, and in Behalf of Other Stockholders Who May Join and Contribute to This Action, Appellant, v. ANNIE P. EWELL, GWYNN EWELL and EDWARD S. ALLEY, Constituting the Directors and Officers of STODDARD REALTY Co., INC., a Domestic Corporation, Respondents.— The deed, the subject of the action of *Ewell* v. *Stoddard Realty Co., Inc.*, conveyed no title to the defendants, for, while it purports to be the corporation deed, it is signed and acknowledged by the testator as an individual. In the action of *Ewell* v. *Ewell* there was sufficient evidence received to warrant the granting of the relief sought. The judgment as to such actions is, therefore, reversed upon the law and the facts, with costs, and judgment directed for the plaintiffs therein, with costs. Findings of fact numbered 10, 11, 13, 14, 27, 28, 29, 30 and 37, and conclusions of law numbered fourth, fifth and sixth, are reversed, and plaintiffs' proposed findings of fact numbered 1 to 48, inclusive, and conclusions of law numbered first to fifth, inclusive, are found. Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ., concur. Settle order on notice.

THYRZA BENSON FLAGG, Individually, and BROOKLYN TRUST COMPANY and R. STUYVESANT PIERREPONT, Trustees under the Last Will and Testament of MARY BENSON, Deceased, Appellants, v. ROBERT MOSES and Others, Respondents. — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— In view of the decision in *Globe & Rutgers Fire Insurance Company* v. *Erie Railroad Company* [*post*, p. 887], decided herewith, the appeal herein is dismissed, without costs. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Judgment reversed upon the law and the facts and new trial granted, costs to abide the event. We are of opinion that the verdict of the jury was against the weight of the evidence and that the learned trial court erred in declining to charge as requested at folio 366 of the record. (*Kretik* v. *N. Y. Central R. R. Co.*, 227 N. Y. 474, 477.) Rich, Hagarty and Scudder, JJ., concur; Lazansky, P. J., and Young, J., dissent, being of opinion that the verdict is not against the weight of the evidence upon the question of defendant's negligence and that the refusal of the court to charge as requested at folio 366 was not error under the circumstances, it appearing that the engineer failed to observe his usual custom to take the signals from the fireman when rounding a curve (Fols. 267–269).